154 N.J. Super. 206 (1977)
381 A.2d 74
THOMAS TILLMAN AND CAROLE TILLMAN, HIS WIFE, PLAINTIFFS,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 18, 1977.
*207 Mr. Joseph F. Lisa, for plaintiffs.
Mr. David G. Eynon, for defendant (Farrell, Eynon and Lundgren, attorneys).
LOWENGRUB, J.S.C.
In this declaratory judgment action plaintiffs demand payment of personal injury protection benefits pursuant to N.J.S.A. 39:6A-4. Plaintiff Carole Tillman seeks payment of $247.80. Of that amount $212.80 *208 is due to West Jersey Hospital for physical therapy treatments, as of March 8, 1976 and $35 to Dr. Eckbold, the treating physician, for an office visit on May 27, 1976. Further payment is sought on behalf of plaintiff Thomas Tillman for the total sum of $2,608 as follows:

West Jersey Hospital, in-patient care
 5-2-76 to 5-13-76 $1731.10
West Jersey Anaesthesia Associates 112.00
Dr. Eckbold 5-2-76 to 7-29-76 balance due 290.00
Walter M. Schmidt, P.T., 4-24-76 to 6-17-76 165.00
West Jersey Hospital, P.T., bill dated 3-2-76 254.90
Richard Chidsey, M.D., consultation 5-12-76 55.00

The parties stipulated the following: all bills but the bill of Dr. Chidsey were submitted to defendant not later than September 10, 1976: at the time of the accident plaintiff Thomas Tillman was an income producer within the term of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq., and more specifically N.J.S.A. 39:6A-2(d); his earnings prior to the accident of December 6, 1975 were $226 a week plus overtime as earned; he did not work for a period of 25 weeks from the date of the accident and up until June 1, 1976; during the 25-week period he was paid the sum of $90.00 a week temporary disability benefits under N.J.S.A. 43:21-37 et seq.; for 20 of the 25 weeks defendant paid him the sum of $10 a week under the income continuation benefits provision of the automobile insurance policy issued to him by defendant; and plaintiff Carole Tillman, injured in the accident, was a member of his family residing in the household of Thomas Tillman.
The issues to be determined are twofold: one, the reasonableness of and necessity for the above medical bills for treatment of both plaintiffs, and second, whether the temporary disability benefit payments are to be credited against the income of plaintiff Thomas, as plaintiff alleges, or whether they are to be credited against the income continuation benefits under N.J.S.A. 39:6A-4(b), as defendant alleges.
*209 As to the reasonableness and necessity of the medical treatment rendered by the personnel at the institutions hereinabove referred to, and by the physicians as stated, I find from the uncontroverted testimony of Dr. Norman H. Eckbold, whose specialty is in the field of orthopedic surgery and whose qualifications were admitted and stipulated to by defendant's counsel, that both plaintiffs were his patients. Their complaints and injuries were due to the accident of December 6, 1975. He testified that his regimen of treatment required hospitalization, physical therapy, medication and certain exercises, all of which he prescribed. He testified specifically as to the treatment rendered and stated that all treatments were necessary and the charges therefor reasonable. Accordingly, I find that the sums of $247.80 and $2,553 were due and payable to plaintiffs within 30 days of September 10, 1976, or on October 11, 1976. Payment not having been made by defendant, there shall be interest due on said amounts at the rate of 10% a year from October 11, 1976 until paid. N.J.S.A. 39:6A-5(c). As to the sum of $55 due from Thomas Tillman to West Jersey Hospital for physical therapy, that bill not having been presented to defendant until November 14, 1977, no interest shall be due thereon, provided payment be made within 30 days from November 14, 1977. See N.J.S.A. 39:6A-5.
In order to determine whether the payments received under the temporary disability benefits law are to be credited against income which he would have earned had he not been disabled, or against income continuation benefits, the legislative intent must be ascertained. The relevant sections are N.J.S.A. 39:6A-4 and N.J.S.A. 39:6A-6.
N.J.S.A. 39:6A-4 provides
Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury ... sustained by any person arising out of ownership, operation ... or use of an automobile shall provide additional coverage, as defined herein below * * *. "Additional coverage" means and includes:
* * * * * * * *

*210 b. The payment of the loss of income of an income producer as a result of bodily injury disability, subject to a maximum weekly payment of $100.00, per week.
N.J.S.A. 39:6A-6 provides that
The benefits provided in section 4 * * * b * * * shall be payable as loss accrues, * * * without regard to collateral sources, except that benefits collectible under ... employees temporary disability benefit statutes ... shall be deducted from the benefits collectible under section 4 * * * b * * *
A plain reading of the collateral source section of the statute, § 6, indicates that it refers to § 4(b), the income continuation benefits section. The benefit included in § 4(b) is the maximum weekly payment of $100 a week during the life of the injured person, subject to a limit of $5,200 on account of injury to any one person in any one accident. The subsections (a) through (e) of § 4 are denominated "additional coverage" and each subsection is limited to its express language. If the Legislature intended that income continuation benefits include a mandate that the injured insured be reimbursed to the extent of his normal wages, it would have so provided in § 4(b). It did not. "The court cannot rewrite or ignore clear and unambiguous legislative language in order to effectuate a conjectured but unexpressed intent." Hogg v. Employees Retire. System, Essex Cty., 56 N.J. Super. 130, 134 (App. Div. 1959). "Statutes should be interpreted according to the most natural and obvious import of the language, without resorting to subtle or forced construction for the purpose either of limiting or extending their operation." Skowysz v. Ventnor, 110 N.J. Super. 340, 349 (Law Div. 1969), aff'd 56 N.J. 168 (1970). It is to be noted that the Legislature, in § 10, gave insureds the opportunity to increase the amount of income continuation benefits coverage they desired in excess of that provided for in § 4 as an option. To require defendant to provide that additional coverage without provisions therefor in the policy of insurance purchased by plaintiff would require this court *211 to write a contract of insurance not contemplated by the parties. The court cannot disregard the terms of an insurance contract at will and in its place fashion a contract judicially made for the parties. See Linden Motor Freight Co., Inc. v. Travelers Ins. Co., 40 N.J. 511, 525 (1963). The maximum benefit under § 4(b) of $100 a week is payable to those insureds whose income is $100 a week or more. If the weekly income of the insured is less than $100 a week, he will not be entitled to the maximum payment but will be limited to a payment benefit equal to his weekly income. Thus, an income producer earning $50 a week is entitled to benefit payment of $50 a week up to 104 payments which total the maximum of $5,200 allowed pursuant to the statute. See Iavicoli, No Fault and Comparative Negligence in New Jersey, § 15 at 48-49 (1973); see also, § 19 at 54, wherein the author opines that "income continuation benefits shall be paid without regard to payments from collateral sources except that payments for lost wages from * * * employees' temporary disability benefits shall be deducted from the income continuation benefits." See also, Solimano v. Consolidated Mut. Ins., 146 N.J. Super. 393 (Law Div. 1977).
I find that the payments plaintiff Thomas Tillman received as temporary disability benefits of $90 a week were properly deducted from the $100 a week income continuation benefits. Payments were made for 20 weeks, during which time defendant paid him $10 a week. There shall be paid to him by defendant an additional sum of $50, representing payments due of $10 a week for the five additional weeks he was unable to work. Interest at the rate of 10% a year shall be paid thereon from May 1, 1976.
Plaintiffs' attorney seeks counsel fees to be paid by defendant. See R. 4:42-9(a) (6). He has filed an affidavit of services rendered, in accordance with R. 4:42-9(b). Plaintiffs required the services of counsel not only to enforce payment of the outstanding medical bills, but also to ascertain the extent of the obligation, if any, of the insurance carrier *212 as to the amount of its obligation for payment of the income continuation benefits. To that extent the issue presented was novel and required judicial determination. A fair and reasonable fee for the services rendered is the sum of $850, plus costs which shall include the cost incurred for the presence of Dr. Eckbold at the trial.