219 N.J. Super. 129 (1987)
529 A.2d 1061
HOWARD RUBINSTEIN AND DEBRA RUBINSTEIN, PLAINTIFFS,
v.
HARVEY L. BARON, M.D., DEFENDANT.
Superior Court of New Jersey, Law Division, Somerset County.
April 15, 1987.
*130 Robert G. Goodman, for plaintiffs (Palmisano & Goodman, attorneys).
Richard J. Schachter, for defendant (Schachter, Cohn, Trombadore & Offen, attorneys).

OPINION
ARNOLD, P.J.Cv.
In this defamation action plaintiffs allege that the defendant, who is a physician, maliciously reported that their child had been subjected to child abuse. The defendant has moved for summary judgment raising the issue of the scope of the immunity afforded by N.J.S.A. 9:6-8.13. Because this court concludes that the statute affords the defendant an absolute privilege, the motion for summary judgment is granted.
On July 25, 1985 the defendant, Dr. Baron, received a telephone call from the doctor on duty in the emergency room at Somerset Medical Center. The defendant was asked to go to the hospital to treat a three-year-old child who had sustained a spiral fracture of the left femur. Upon arrival at the hospital the defendant examined the child. He then spoke with the child's parents, the plaintiffs, to explain his recommended *131 course of treatment. Although the facts surrounding this discussion are in sharp dispute, it is clear that there was a heated argument, that the plaintiffs discharged the defendant, and that there is sufficient proof from which the trier of fact could reasonably conclude that the defendant acted with malice in subsequently reporting that the child had been the victim of child abuse. An investigation by the Division of Youth and Family Services (DYFS) resulted in a finding that the child had not been abused.
N.J.S.A. 9:6-8.10 requires persons having "reasonable cause" to believe that a child has been subjected to child abuse or acts of abuse to report it promptly to the Bureau of Children's Services (DYFS is the successor to the Bureau of Children's Services. N.J.S.A. 30:4C-2). Specifically, the statute reads in relevant part as follows:
Any person having reasonable cause to believe that a child has been subjected to child abuse or acts of child abuse shall report the same promptly to the Bureau of Children's Services by telephone or otherwise....
N.J.S.A. 9:6-8.13 provides immunity for persons acting pursuant to the Act who report child abuse. Specifically, the statute reads in relevant part:
Anyone acting pursuant to this act in the making of a report under this act shall have immunity from any liability, civil or criminal, that might otherwise be incurred or imposed.
The defendant submitted two certifications in support of his motion for summary judgment. In his own certification the defendant, a specialist in orthopedics and orthopedic surgery, states that when he arrived at the emergency room he asked the emergency room physician about the possibility of child abuse since the spiral fracture suffered by the child is very often found in child abuse cases. The defendant also refers this court to a passage from Pediatric Orthopaedics by Lovell & Winter. On page 1152 of that text the following is found: "Spiral or oblique fractures, especially in the lower limbs and in nonambulatory children, are suggestive of abuse." The defendant has also provided this court with an article entitled "Child Abuse in a Military Population" by William A. Herndon, which *132 appeared in the Journal of Pediatric Orthopedics, Volume 3, Number 1, 1983, which states: "The tibia and femur were the most common broken long bones ... the most common fracture pattern in the extremities was a spiral fracture of the diaphysis...."
The defendant also submitted the certification of Richard D. Krugman, M.D., who is certified in pediatrics and has specialized in the area of child abuse since 1971. Dr. Krugman's certification states that a spiral fracture of the femur is an injury that is commonly seen in abused children and is suspicious in nature. He also opines that this type of injury should be reported to any child abuse agency.
Thus, defendant argues that there was "reasonable cause" to suspect child abuse and that the statute therefore affords him immunity.
In plaintiffs' answering papers no attempt is made to argue that "reasonable cause" to suspect child abuse was lacking. Plaintiffs submitted no affidavits or certifications to controvert the certifications of the defendant and Dr. Krugman. Accordingly, partial summary judgment on the issue of whether there was "reasonable cause" to suspect child abuse must be granted in defendant's favor. R. 4:46-5(a). The plaintiffs' argue, however, that this court should not grant complete summary judgment in defendant's favor because there is an issue as to whether the defendant acted with malice. Thus, the issue for resolution becomes whether a physician having "reasonable cause" to suspect child abuse loses his statutory immunity for reporting the suspected abuse if there is an issue as to whether he acted with malice.
Our law of defamation is grounded on the principles that while people should be free to "enjoy their reputations unimpaired by false and defamatory attacks" there are, nevertheless, certain situations where the public interest presents the "vital counter policy" that persons should be permitted to communicate without fear of a defamation action. Swede v. *133 Passaic Daily News, 30 N.J. 320, 331 (1959). Because the balance between these countervailing principles must be carefully drawn, a privilege may be either absolute or qualified. Fees v. Trow, 105 N.J. 330, 336 (1987). An absolute privilege protects even a maliciously spoken untruth, whereas a qualified privilege does not. Id. at 337. This court must therefore determine whether the Legislature intended to confer an absolute or a qualified privilege.
This court recognizes that an absolute privilege is provided only in the narrowest of circumstances where the public interest in unfettered communication justifies the complete abrogation of plaintiffs' right of recovery for damaged reputation. Rogozinski v. Airstream By Angell, 152 N.J. Super. 133, 139 (Law Div. 1977), mod. aff'd 164 N.J. Super. 465 (App.Div. 1979). Here, however, the Legislature recognized an overriding need for the information and sought to encourage the reporting of child abuse by not only providing immunity to persons making such reports but also by making it a disorderly persons offense to fail to report where there is "reasonable cause to believe that an act of child abuse has been committed...." N.J.S.A. 9:6-8.14. Because N.J.S.A. 9:6-8.10 imposes a duty upon a person having "reasonable cause" to suspect child abuse to report it, and N.J.S.A. 9:6-8.14 makes it a disorderly persons offense to fail to report an act of child abuse, this court can only conclude that the defendant has an absolute privilege. Thus, the fact that the defendant may have acted with malice is irrelevant.
Plaintiff's reliance on the holdings in Cashen v. Spann, 125 N.J. Super. 386 (App.Div. 1973), mod. aff'd 66 N.J. 541 (1975) and Coleman v. Newark Morning Ledger Co., 29 N.J. 357 (1959), is misplaced. In those cases, the privilege afforded was qualified, not absolute.
This court finds support for its conclusion that the privilege here afforded is absolute by comparing N.J.S.A. 9:6-8.13 with N.J.S.A. 52:27G-7.1, which deals with the reporting of suspected abuse of an institutionalized elderly person. There the *134 Legislature conferred only a qualified privilege since the immunity portion of the statute, N.J.S.A. 52:27G-7.1(e), does not apply if the person making the report "has acted in bad faith or with malicious purpose." Fees v. Trow, 105 N.J. 330 (1987). In contrast, N.J.S.A. 9:6-8.13 does not contain any similar provision limiting the immunity afforded a person reporting a case of suspected child abuse based on "reasonable cause."
Accordingly, because the defendant had "reasonable cause" to report that plaintiffs' child was a victim of child abuse, he has an absolute privilege and summary judgment is granted dismissing plaintiffs' complaint despite the allegation that the defendant acted with malice in making the report.