241 N.J. Super. 503 (1990)
575 A.2d 515
MARIE O'BOYLE, PLAINTIFF-APPELLANT,
v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1990.
Decided June 6, 1990.
*506 Before Judges KING, SHEBELL and BAIME.
Lewis Stein argued the cause for appellant (Nusbaum, Stein, Goldstein, Bronstein & Compeau, attorneys; Victor A. Amada, on the brief).
Randi S. Greenberg argued the cause for respondent (Robert A. Auerbach, attorney; Randi S. Greenberg, on the brief).
The opinion of the court was delivered by KING, P.J.A.D.
This case concerns the right of an insured to collect "no fault" income continuation benefits (N.J.S.A. 39:6A-4) provided by her personal injury protection (PIP) coverage where she has already been fully reimbursed for her lost earnings through an income continuation plan provided by her employer, Sears. Plaintiff worked at Sears as a salesperson when she was hurt in an automobile accident on August 4, 1983. She earned $627.12 a week. She lost ten weeks from work because of her injury. She actually lost no income, however, as her wage loss was reimbursed entirely by Sears' private disability employee-benefit income plan, approved by the State. See N.J.S.A. 43:21-32.
Plaintiff had PIP income protection benefits with her automobile insurer Prudential Insurance Company of America for up to $400 per week. N.J.S.A. 39:6A-4. Plaintiff claims that since this State's temporary disability benefit act provides for a maximum benefit of only $236 per week, she was entitled to recover $164 per week from Prudential, the difference between *507 $236 and the maximum PIP benefit of $400, for her ten-week period of disability, or a sum of $1,640. We agree and reverse the summary judgment entered in Prudential's favor in the Law Division.
The applicable section of the "no fault" law is N.J.S.A. 39:6A-6 (Collateral Sources), which states in pertinent part:
The benefits provided in section 4 and section 10 [income continuation benefits] shall be payable as loss accrues, upon written notice of such loss and without regard to collateral sources, except that benefits, collectible under workers' compensation insurance, employees' temporary disability benefit statutes, medicare provided under Federal law, and benefits, in fact collected, that are provided under Federal law to active and retired military personnel shall be deducted from the benefits collectible under section 4 and section 10. [Emphasis supplied.]
Plaintiff was paid in full by her employer's disability plan for her lost earnings over ten weeks. Her employer's disability plan was a qualified private plan established and approved under our Temporary Disability Benefits Law in lieu of the State plan, N.J.S.A. 43:21-25 to -42. See N.J.S.A. 43:21-32; N.J.S.A. 43:21-37. Under this Act, an employer must participate in either the State plan or a qualified private plan of disability benefits. N.J.S.A. 43:21-28; see N.J.A.C. 12:18-1.1 to -3.9.
The temporary disability benefit exception to the "collateral source" rule contained in N.J.S.A. 39:6A-6 has been in our "no fault" law since its inception in January 1973. See Iavicoli, No Fault & Comparative Negligence in New Jersey, § 19 at 54 (1973); Frazier v. Liberty Mutual Ins. Co., 150 N.J. Super. 123, 142, 374 A.2d 1259 (Law Div. 1977); Puzio v. N.J. Manufacturers Co., 165 N.J. Super. 585, 589, 398 A.2d 934 (Dist.Ct. 1979); Tillman v. Allstate Ins. Co., 154 N.J. Super. 206, 209-210, 381 A.2d 74 (Ch.Div. 1977). The three original deductions from collateral source benefits mandated in our "no-fault" law, N.J.S.A. 39:6A-6  workers' compensation, temporary disability and medicare  all contributed to the insurance premium reduction mandated by the Act. Iavicoli, at 56; N.J.S.A. 39:6A-18; L. *508 1972, c. 70, § 18. The federal military benefit deduction was added in 1981. L. 1981, c. 95, § 1.
The purpose of the collateral source deduction was to prevent double recovery of benefits by accidental victims of personal injury to the extent that these benefits were mandated otherwise by law. Iavicoli, at 55-56. The supplementary benefits above $236 a week awarded to plaintiff through Sears' disability plan, however, were not required by law. The Temporary Disability Law makes such private supplementary plans, to the extent that they provide "additional benefits," an entirely voluntary matter. N.J.S.A. 43:21-36 states:
Nothing in this act shall be construed to prohibit the establishment by an employer, without approval of a supplementary plan or plans providing for the payment to employees, or to any class or classes thereof, of benefits in addition to the benefits of an approved private plan, or to prohibit the collection or receipt of additional voluntary contributions from employees toward the cost of such additional benefits. The rights, duties and responsibilities of all interested parties under such supplementary plans shall be unaffected by any provision of this act. [Emphasis supplied.]
We are convinced that the temporary disability benefits available to plaintiff in excess of $236, the maximum amount mandated by State law, are not subject to the collateral source deduction of N.J.S.A. 39:6A-6. That statute provides that income continuation benefits are generally available "without regard to collateral sources," except "that benefits collectible under ... employees temporarily disability statutes ... shall be deducted...." Id. Only $236 a week was collectible under the disability benefit statutes; the balance collected was strictly a private matter pursuant to the plan, available to plaintiff through her employment with Sears.
The record in this case does not disclose whether the supplementary benefits available to plaintiff above $236 per week were funded wholly by her employer, Sears, or in part by her contributions. We do not think it matters. The intent of the statute is clear. Only those benefits available to an accident victim collectible through operation of law, i.e., workers' *509 compensation, temporary disability, medicare and collected federal military benefits, must be deducted from collateral sources.
The "additional benefits" available to plaintiff from her private plan with Sears, N.J.S.A. 43:21-36, were outside the "temporarily disability statutes," N.J.S.A. 39:6A-6. The establishment of a supplementary plan by Sears was permitted "without [State] approval." N.J.S.A. 43:21-36. The statute clearly provides that under such a supplementary plan, "[t]he rights, duties and responsibilities of all interested parties under such supplementary plans shall be unaffected by any provision of this act." Ibid. We see no intent in N.J.S.A. 39:6A-6 to require deduction of privately available collateral benefits from PIP benefits. If the Legislature had so intended, the statute no doubt would have mentioned such voluntary or private benefits purchased independently by automobile accident victims or made available to them as part of their compensation packages.
We are aware of the current "strong public policy" against double recovery of benefits. See Riccio v. Prudential Property & Cas. Ins. Co., 108 N.J. 493, 504, 531 A.2d 717 (1987). However, we conclude that the PIP statute, when construed in harmony with the Temporary Disability Law, reveals no intent on the part of the legislature to mandate deduction of proceeds received from private supplementary disability plans, which are usually optional personal purchases by an insured or fringe employment benefits, available to some but not all, and not compelled or created by operation of law. When we think the statutory language is clear, we must apply it as written, not inject some lurking judicial suspicion that a better policy could or should be engrafted on the statutory scheme. See Ingraham v. Travelers Companies, 217 N.J. Super. 126, 128, 524 A.2d 1319 (App.Div. 1987), aff'd o.b. 110 N.J. 67, 539 A.2d 733 (1988). Judgment should be entered for the plaintiff for $1,640.
Reversed.