248 N.J. Super. 484 (1991)
591 A.2d 691
F.A., P.A., M.N., M.A. AND C.A., INFANTS BY THEIR GUARDIAN AD LITEM, P.A., PLAINTIFFS-RESPONDENTS,
v.
W.J.F., JR. AND S.F., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 26, 1991.
Decided June 3, 1991.
*485 Before Judges O'BRIEN, SCALERA and KEEFE.
Bernard F. Boglioli, Sr., argued the cause for appellants (Boglioli & O'Mara, attorneys; Richard J. Mirra, on the brief).
*486 Gary E. Fox argued the cause for respondents (Fox & McGovern, attorneys; Gary E. Fox, of counsel; Patricia F. Stefanile, on the brief).
The opinion of the court was delivered by O'BRIEN, J.A.D.
By leave granted, defendants appeal from the denial of their motion to dismiss the complaint for failure to state a claim upon which relief can be granted (R. 4:6-2(e)) and from the vacation of a previously entered protective order. We affirm.
Plaintiff P.A. is married to F.A. and is the mother and guardian ad litem of the infant plaintiffs, M.N., M.A. and C.A. In April 1989, three-year-old M.A. broke his leg. On March 9, 1990, a counselor from the New Jersey Division of Youth & Family Services (DYFS) came to P.A.'s home and informed her that an anonymous complaint had been filed with DYFS accusing P.A. of child abuse in connection with M.A.'s broken leg which occurred approximately one year earlier. On the same day, infant plaintiffs M.N. and C.A. were called from their school classrooms, examined by the school nurse, and interviewed by a DYFS counselor in the presence of an assistant principal. The next day, P.A. received a telephone call from the DYFS counselor informing P.A. that the counselor's superior had received a call from the person who had reported the alleged child abuse, stating that a mistake had been made and the person wished to withdraw the complaint. The "caller" was advised the interview had already taken place.
Defendants W.J.F., Jr. and S.F. are neighbors of the plaintiffs. In addition, W.J.F., Jr. is an attorney who formerly represented plaintiffs. He was also F.A.'s former restaurant business partner. Sometime in early 1989, F.A. and W.J.F., Jr. became involved in litigation arising from their business relationship. Although that lawsuit was subsequently settled, F.A. has filed other legal complaints against W.J.F., Jr., who, it is suggested, in turn has brought a foreclosure complaint against *487 F.A.'s present partner, who had been involved in the prior lawsuit.
Since plaintiff suspected that defendants, or one of them, made the call to DYFS alleging the child abuse, the present suit was instituted on May 18, 1990.[1] In their complaint plaintiffs allege that, although the original complaint to DYFS had been made anonymously, when the caller made the second call seeking to withdraw the complaint, he was required to identify himself and he identified himself as W.J.F., Jr. However, F.A. and P.A. have filed certifications denying that anyone from DYFS had provided them with the name of the person who made the complaint or the person who withdrew it. However, P.A. states that:
[O]n the basis of the language used in the DYFS Complaint and in view of the history of our relationship with Defendants [F.], both personally and in business matters, we believe that he is the person who made the Complaint to DYFS and subsequently withdrew it.
W.J.F., Jr. and S.F. filed an answer stating they were not required to respond to the allegations of several paragraphs of the complaint since they were protected by the confidentiality provision of N.J.S.A. 9:6-8.10a. In separate defenses they asserted the applicability of that statute as well as N.J.S.A. 9:6-8.13. Defendants moved for a protective order barring all discovery, based upon the alleged confidentiality and immunity provisions of those statutes. On August 3, 1990, Judge Mark A. Sullivan, Jr. entered a protective order pursuant to R. 4:10-3, providing that defendants
shall not be required to submit to depositions, to answer interrogatories or respond to Request[s] to Admit, or otherwise respond to discovery as to whether or not said defendants made a report to, contacted or participated in any investigation conducted by the Division of Youth and Family Services pursuant to N.J.S.A. 9:6-8.10.
*488 As suggested by Judge Sullivan, defendants thereafter moved to dismiss the complaint for failure to state a claim upon which relief could be granted pursuant to R. 4:6-2(e). Plaintiffs filed a cross-motion to vacate the protective order. The matter was assigned to Judge Florence Peskoe who, by order entered October 26, 1990, denied defendants' motion to dismiss the complaint and granted plaintiffs' cross-motion to vacate the protective order. On December 5, 1990, we granted defendants' motion for leave to appeal.
On this appeal, defendants argue that Judge Peskoe erred (1) in addressing the matter which should have been heard by Judge Sullivan, and (2) in denying the motion to dismiss the complaint in violation of the "fundamental public policies of the statutes governing reports of child abuse, N.J.S.A. 9:6-8.8" et seq.
There is no merit to defendants' first contention since the matter was properly addressed by Judge Peskoe. The motion was assigned to her for disposition. At the outset of the hearing on October 26, 1990, Judge Peskoe noted from a transcript of the hearing before Judge Sullivan the inconsistency between the actual terms of the protective order entered on August 3, 1990 and Judge Sullivan's expressed intention to limit the protective order to 60 days. Our examination of the August 3, 1990 transcript reveals that Judge Sullivan clearly stated the order would expire on its own in 60 days. He had granted the "short term protective order" to permit the parties to deal with the issue of whether the complaint states a claim. Through apparent oversight, the order presented to and signed by Judge Sullivan did not contain the 60-day limitation.
Defendants relied upon the principles asserted by us in Salch v. Salch, 240 N.J. Super. 441, 444-445, 573 A.2d 520 (App.Div. 1990). However, the principles of those cases have no application here since, as Judge Peskoe noted, Judge Sullivan had made absolutely no determination on the merits of the issues involved. His order was simply to maintain the status quo, i.e., *489 to protect defendants from providing discovery until the merits of the applicability of the statute relied upon by defendants could be addressed on a motion to dismiss the complaint for failure to state a claim. We therefore find no error in the matter being addressed by Judge Peskoe, rather than Judge Sullivan, although some time might have been saved by returning it to Judge Sullivan rather than have another judge become familiar with it.
We further conclude that the denial of the motion to dismiss the complaint on the ground that it failed to state a claim upon which relief can be granted was correct. Defendants now exclusively rely[2] upon the language of N.J.S.A. 9:6-8.13, which provides in pertinent part:
Anyone acting pursuant to this act in the making of a report under this act shall have immunity from any liability, civil or criminal, that might otherwise be incurred or imposed. Any such person shall have the same immunity with respect to testimony given in any judicial proceeding resulting from such report.
The key words in N.J.S.A. 9:6-8.13 are, "[a]nyone acting pursuant to this act." From that language it is obvious the immunity provided to such a reporter concerns only reports made "pursuant to this act." N.J.S.A. 9:6-8.10 provides in pertinent part as follows:
Any person having reasonable cause to believe that a child has been subjected to child abuse or acts of child abuse shall report the same immediately to the Division of Youth and Family Services by telephone or otherwise.
It is obvious therefore, that in making a report "pursuant to this act" a person must have "reasonable cause to believe that a child has been subjected to child abuse or acts of child abuse." The significant words in that clause are "reasonable cause to believe." A person having reasonable cause to believe that an act of child abuse has been committed, who fails to report such *490 an act, is a disorderly person. N.J.S.A. 9:6-8.14. Furthermore, the statute requires that such a report shall be made "immediately." In this case, the investigation by DYFS was of a child abuse report based upon a broken leg suffered by M.A. one year before the report.
Defendants argue that the provisions of N.J.S.A. 9:6-8.13 provide absolute immunity, and therefore they cannot be ordered to provide any form of discovery in this litigation. We disagree. It is true that Judge Arnold concluded, in Rubinstein v. Baron, 219 N.J. Super. 129, 529 A.2d 1061 (Law Div. 1987), that the immunity afforded by N.J.S.A. 9:6-8.13 provides an absolute privilege, whether or not the reporter acted with malice. Id. at 133-134, 529 A.2d 1061. However, in that case, Judge Arnold recognized that N.J.S.A. 9:6-8.10 requires the person making such a report to have "`reasonable cause' to believe that a child has been subjected to child abuse or acts of abuse." Id. at 131, 529 A.2d 1061. He found the defendant in that case did have such "reasonable cause." Id. at 134, 529 A.2d 1061.
The immunity afforded by N.J.S.A. 9:6-8.13 is from any "liability, civil or criminal" that might otherwise be incurred or imposed. The statute does not afford immunity from suit. In order for the immunity from liability to attach, the person making the report has to have had "reasonable cause to believe that a child has been subjected to child abuse or acts of child abuse," and to have made such report "immediately." This information can only be elicited by discovery. If discovery reveals that neither defendant made the report, the complaint is subject to dismissal. If the credibility of such a denial is contested, DYFS may be obliged to reveal the name of the reporter under N.J.S.A. 9:6-8.10a(b)(6).
If discovery reveals either defendant to be the reporter, they may be obliged in discovery to state the facts upon which they had reasonable cause to believe that M.A. had been subjected to child abuse or acts of child abuse and the reasons, if any, why *491 such a report was not filed "immediately" as required by the statute. If these prerequisites are met, then defendants as reporters would be entitled to immunity from civil or criminal liability and the complaint would accordingly be subject to dismissal. Or, in the event of a factual dispute, defendants would be entitled to have the credibility determined by a fact-finder in applying the statutory immunity.
We agree with defendants that the purpose of the statutes is to encourage people to report child abuse. However, the statute provides for civil and criminal immunity, not for anonymity. In a suit against DYFS to reveal the identity of the reporter, such confidential information could only be disclosed in the specific circumstances set forth in N.J.S.A. 9:6-8.10a(b)(1) through (9). However, this suit is not against DYFS, but rather against persons whom plaintiffs suspect to be the reporter. If either defendant is the reporter and meets the prerequisites of the statute, he or she will be entitled to statutory immunity from civil liability. We recognize defending against a claim by a parent alleging a neighbor to have maliciously reported a plaintiff for child abuse will involve expense. However, there are remedies available to that neighbor in the event of a malicious abuse of process. On the other hand, we find no legislative intent to protect those people who report child abuse without any reasonable ground for so doing. Thus, we see any incidental chilling effect upon a reporting neighbor to be minimal and find no prejudice to these defendants in being required to respond to appropriate discovery in order to properly frame the issue.
Affirmed.
NOTES
[1] The three-count complaint seeks compensatory and punitive damages for (1) intentional infliction of emotional distress, (2) libel and slander, and (3) abuse of process.
[2] As noted, in their answer defendants also referred to the confidentiality provisions of N.J.S.A. 9:6-8.10a. However, at oral argument before Judge Peskoe, counsel conceded this section only referred to DYFS stating, "I don't really think [the statute] is that relevant." We agree.