714 A.2d 977 (1998)
314 N.J. Super. 331
STATE of New Jersey, Plaintiff-Respondent,
v.
John R. SNELL, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted July 21, 1998.
Decided August 7, 1998.
*978 Ivelisse Torres, Public Defender, for defendant-appellant (Stephen W. Kirsch, Assistant Deputy Public Defender, of counsel and on the brief).
Peter Verniero, Attorney General, for plaintiff-respondent (Catherine A. Foddai, Deputy Attorney General, of counsel and on the brief).
Before Judges STERN and KIMMELMAN.
The opinion of the court was delivered by KIMMELMAN, J.A.D.
At issue is whether the privilege against disclosure of confidential communications made with respect to the relationship of patient and physician, N.J.S.A. 2A:84A-22.1, N.J.R.E. 506 and psychologist and client, N.J.S.A. 14B-28, N.J.R.E. 505, must yield to the obligation imposed upon "any person" to report evidence of child abuse to the Division of Youth and Family Services (DYFS). N.J.S.A. 9:6-8.10 The trial court held that the psychiatrist consulted by defendant John Snell for treatment: (1) properly reported to DYFS the evidence of child abuse disclosed to him by defendant, and (2) could furnish testimony at defendant's trial.
As a result of the doctor's report, DYFS notified the Trenton police. Defendant was arrested and ultimately indicted. Following the trial court's ruling that defendant's statements to the psychiatrist were properly reportable to DYFS and also admissible at trial, defendant pled guilty to aggravated sexual assault, a first-degree offense, contrary to N.J.S.A. 2C:14-2a. As part of the plea agreement, defendant reserved the right to lodge this appeal contesting the trial court's evidentiary ruling.
On this appeal, defendant argues that his admission of acts of child abuse during his consultation with Dr. Philip Torrance, a psychiatrist whom defendant characterizes in his brief as a psychotherapist, was privileged, and that alternatively, he should not have been committed to the Adult Diagnostic and Treatment Center at Avenel.
The facts are not in dispute. Defendant, fifty-nine years old, was engaged in a long-term relationship with a woman, whom we refer to as his paramour. She had two granddaughters, eleven-year-old K.M. and ten-year-old S.M., who were sisters. Safety concerns had led DYFS to remove S.M. from her mother's home and place her with her grandmother, but K.M. lived nearby in Trenton and would occasionally visit. The children regarded defendant as a substitute grandfather. It appears that, over a period of more than a year, defendant repeatedly performed cunnilingus on them. On at least one occasion, S.M. was present and witnessed the act being performed on her sister. Defendant claimed that it was his intent to instruct or educate the minors so that they would not become sexually involved with boys.
For some reason not apparent in the record, defendant told his paramour what had been taking place with her granddaughters. She demanded that defendant see a psychiatrist for help. Defendant made an appointment and, accompanied by S.M., professionally consulted with Dr. Torrance at his office. During the consultation, defendant admitted to the doctor that he had performed one act of cunnilingus on each of the two girls. At the conclusion of the session, Dr. Torrance felt it incumbent upon himself, pursuant to N.J.S.A. 9:6-8.10, to report to DYFS the evidence of child abuse that defendant had disclosed to him.
N.J.S.A. 9:6-8.10 provides in pertinent part, that
Any person having reasonable cause to believe that a child has been subjected to child abuse or acts of child abuse shall report the same immediately to the Division of Youth and Family Services by telephone or otherwise.
*979 Undoubtedly, this statute is expressive of the Legislature's paramount consideration of protecting children from injury or abuse "by other than accidental means." N.J.S.A. 9:6-8.8. To that end, "any person" having reasonable grounds is required to report evidence of child abuse, under pain of prosecution as a disorderly person for failure to do so. N.J.S.A. 9:6-8.14. As a means of persuasion, and by way of protection, it is provided that anyone making a report pursuant to the statute shall have immunity from any civil or criminal liability that might otherwise be incurred or imposed as a result of the making of the report. N.J.S.A. 9:6-8.13; see Rubinstein v. Baron, 219 N.J.Super. 129, 133, 529 A.2d 1061 (Law Div.1987).
There is no mechanism built into the statute to relieve persons who may be privy to confidential communications from the duty to report child abuse to DYFS. By mandating that "any person" having reasonable grounds to suspect child abuse report those suspicions to DYFS, the Legislature simply meant any person, without limitation. See People v. Gearhart, 148 Misc.2d 249, 560 N.Y.S.2d 247, 250 (Co.Ct.1990). Where the language of a statute is clear, as we find N.J.S.A. 9:6-8.10 to be, we are obliged to apply that statute as written. In re M.G., 307 N.J.Super. 348, 354, 704 A.2d 1025 (App.Div.), certif. denied, 154 N.J. 607, 154 N.J. 607 (1998); O'Boyle v. Prudential Ins. Co. of Am., 241 N.J.Super. 503, 509, 575 A.2d 515 (App.Div.1990).
Under N.J.S.A. 2A:84A-22.1 to -22.7 and N.J.R.E. 506, both of which set forth the physician-patient privilege, "information which the physician or the patient is required to report to a public official" is not privileged. N.J.S.A. 2A:84A-22.5 and N.J.R.E. 506(e). We find this language to be sufficiently circumscribed to waive the privilege only as to the requirement of making an initial report to a public official. See People v. Younghanz, 156 Cal.App. 3d 811, 202 Cal. Rptr. 907, 911 (1984). The physician-patient privilege may not be regarded as being waived in toto. A complete waiver of the privilege occurs only in those limited circumstances where the condition of the patient is an element of a claim or defense made by the patient, or by any party claiming through or under the patient. See Stigliano v. Connaught Labs., Inc., 140 N.J. 305, 311, 658 A.2d 715 (1995); Stempler v. Speidell, 100 N.J. 368, 373, 495 A.2d 857 (1985).
Although Dr. Torrance is a physician, defendant seeks to avoid the foregoing exception to the physician-patient privilege by relying instead upon N.J.S.A. 45:14B-28 and N.J.R.E. 505, both of which set forth the psychologist privilege and contain no exception where reporting to a public official is required. It is claimed by defendant that he, accompanied by S.M., went to Dr. Torrance not for medical treatment, but for help in the form of psychotherapy and, therefore, the psychologist rather than physician privilege applies. Such claim does not seem to have been rejected by the trial court.
As argued by defendant, the precise wording of neither the statute nor the rule establishing the psychologist privilege contains an exception which applies when State law requires the making of a report to a public agency. The relevant text of the statute and rule is as follows:
The confidential relations and communications between and among a licensed practicing psychologist and individuals, couples, families or groups in the course of the practice of psychology are placed on the same basis as those provided between attorney and client, and nothing in this act shall be construed to require any such privileged communications to be disclosed by any such person.

[N.J.S.A. 45:14B-28 and N.J.R.E. 505 (emphasis added).]
Defendant urges us not to countenance any deviation from the language built into the psychologist privilege that prohibits the applicable statute and rule from being "construed to require any such privileged communications to be disclosed by any such person." On the other hand, the State argues that, by placing the psychologist privilege "on the same basis as ... provided between attorney and client," the Legislature intended that Dr. Torrance's report to DYFS be free of psychologist-confidentiality privilege, because under analogous circumstances the lawyer-client privilege does "not extend to a communication made in the course of legal services *980 sought or obtained in aid of the commission of a crime or a fraud." See N.J.S.A. 2A:84A-20(2) and N.J.R.E. 504(2)(a). Dr. Torrance opined that the nature of the familial relationship which existed between defendant and the children made it highly probable that defendant would continue to commit acts of abuse. Thus, the State argues that Dr. Torrance, being subject to a limited privilege on the same basis as that of an attorney, was bound to make the report to DYFS under the crime or fraud exception.
While we agree with the State's conclusion that the doctor had the duty to report, we are unable to accept the State's entire reasoning, because we find that defendant's consultation with Dr. Torrance was not akin to a client seeking an attorney's aid in the commission of a crime or fraud. Defendant ostensibly consulted Dr. Torrance to seek treatment so that he might refrain from committing further acts of child abuse; not to seek aid in the commission of further such acts. Hence, under the factual scenario of this case, the State may not rely upon the crime or fraud exception to the attorney-client privilege to justify Dr. Torrance's deviation from the psychologist-patient privilege.
State v. L.J.P., 270 N.J.Super. 429, 438-39, 637 A.2d 532 (Ch. Div. 1994) clearly summarizes the psychologist privilege:
The psychologist-patient privilege was created by the New Jersey legislature as a "part of a comprehensive statutory scheme designed to license and regulate practicing psychologists." Arena v. Saphier, 201 N.J.Super. 79, 85, 492 A.2d 1020 (App.Div. 1985). The privilege was created two years before the codification of the common law physician-patient privilege in 1968. Ibid; see also Lazorick v. Brown, 195 N.J.Super. 444, 451-52, 480 A.2d 223 (App.Div.1984) (detailing the legislative history of the physician-patient privilege). Those two privileges are not treated alike by the courts and are not subject to the same exceptions. Arena, supra, 201 N.J.Super. at 85-86, 492 A.2d 1020. Rather, the psychologist-patient privilege is akin to the attorney-client privilege. N.J.S.A. 45:14B-28; State v. McBride, 213 N.J.Super. 255, 269-70, 517 A.2d 152 (App. Div.1986); Arena, supra, 201 N.J.Super. at 87, 492 A.2d 1020. The privilege belongs to the patient and any waiver of the privilege must be made by the patient. State in Interest of L.P., 250 N.J.Super. 103, 112, 593 A.2d 393 (Ch.Div.1991).
The privilege is given greater scope and protection than the physician-patient privilege. McBride, supra, 213 N.J.Super. at 270, 517 A.2d 152; Arena, supra, 201 N.J.Super. at 86, 492 A.2d 1020. "The nature of the psychotherapeutic process is such that full disclosure to the therapist of the patient's most intimate emotions, fears and fantasies is required." Id. at 86, 492 A.2d 1020.
However, the privilege, like the attorney-client privilege, is not absolute. "Although the psychologist-patient privilege affords even greater confidentiality than the physician-patient privilege, it still may be defeated where `common notions of fairness clearly compel at least limited disclosure of otherwise confidential communications.' " McBride, supra, 213 N.J.Super. at 270, 517 A.2d 152 (quoting Arena, supra, 201 N.J.Super. at 89, 492 A.2d 1020). "Like other privileges, it must in some circumstances yield to the higher demands of order." Matter of Nackson, 114 N.J. 527, 537, 555 A.2d 1101 (1989) (referring to the attorney-client privilege).
Privileges are justified in order to encourage candid and frank communication between attorney and client, physician and patient, and psychotherapist and patient, because of the primary concern that the client or patient should receive informed legal advice or proper diagnosis and treatment. Stempler, supra, 100 N.J. at 374-75, 495 A.2d 857. However, we do recognize that all such privileges must be strictly construed, because they may come in conflict with the promotion and preservation of justice, truth, and fair dealing. See Stigliano, supra, 140 N.J. at 310, 658 A.2d 715; Hague v. Williams, 37 N.J. 328, 336, 181 A.2d 345 (1962). Accordingly, we must effect a balance between the reporting directive contained in N.J.S.A. 9:6-8.10 and the privilege against disclosure contained in N.J.S.A. 45:14B-28 and N.J.R.E. 505.
*981 As a matter of statutory construction, it is well established that, where two statutes conflict, the more specific statute must prevail over the more general. New Jersey Transit Corp. v. Borough of Somerville, 139 N.J. 582, 591, 661 A.2d 778 (1995); Alba v. Sopher, 296 N.J.Super. 501, 504, 687 A.2d 309 (App.Div.1997). To be sure, the statute mandating the reporting of suspected child abuse is more particularized and specific than are the statute and rule pertaining to confidential relations and communications. The acute public policy behind N.J.S.A. 9:6-8.10 must override the public policy supporting the psychologist privilege statute and rule. The protection of children from injury, harm, or abuse by means of the statutory reporting requirement may not be blocked or hindered by the assertion of a blanket testimonial privilege. See Hague, supra, 37 N.J. at 336, 181 A.2d 345 (establishing public interest exception to privilege); Tarasoff v. Regents of the Univ. of Cal., 17 Cal.3d 425, 131 Cal.Rptr. 14, 551 P.2d 334, 337 (1976) (holding that "the protective privilege ends where the public peril begins"); see also In re Rules Adoption Regarding InmateTherapist Confidentiality, 224 N.J.Super. 252, 258-59, 540 A.2d 212 (App.Div.1988); Estate of Behringer v. Medical Ctr. at Princeton, 249 N.J.Super. 597, 632-33, 592 A.2d 1251 (Law Div.1991). For these reasons, the general provisions of the psychologist-patient privilege must yield to the specific mandate of N.J.S.A. 9:6-8.10. New Jersey Transit, supra, 139 N.J. at 591, 661 A.2d 778. We stress that the statute requires only a report to DYFS in order to protect the child in danger; the privilege remains otherwise intact. See Younghanz, supra, 202 Cal.Rptr. at 911; see also State v. Warner, 125 Wash.2d 876, 889 P.2d 479, 486-87 (1995); and see State v. Shirah, 702 So.2d 825, 831-32 (La.Ct.App.1997).
Consequently, the trial court's order of August 2, 1994, is modified. We conclude that Dr. Torrance's report to DYFS was proper, but that he may not be compelled by the State to testify to the content of privileged communications at defendant's criminal trial. We make no ruling as to whether our decision furnishes grounds for defendant to withdraw his guilty plea. That is a matter which must be addressed by the trial court.
Finally, we find no fault with the trial court's finding that, under the facts, defendant was a repetitive and compulsive sex offender, justifying his commitment to Avenel for concurrent terms of eighteen years. State v. Chapman, 95 N.J. 582, 587, 591-92, 472 A.2d 559 (1984).
Affirmed as modified.