592 A.2d 247

RICHARD THOMAS AND EVELYN THOMAS, PLAINTIFFS–RE-
SPONDENTS, v. AMAR SAIJWANI AND MADHU (VINAYA)
SAIJWANI, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued December 19, 1990—Decided April 17, 1991.

Before Judges KING, R.S. COHEN and STERN.

*Vinaya Saijwani, pro se,* argued the cause for appellants.

*Richard J. Simon* argued the cause for respondents (*Jeffrey Zajac* on the brief).

The opinion of the court was delivered by

STERN, J.A.D.

This is a landlord-tenant dispute arising out of a townhouse rental. Plaintiff tenants filed suit against defendant landlords seeking to recover their $1500 security deposit, a $1500 penalty pursuant to *N.J.S.A.* 46:8–21.1, attorney's fees, court costs, and interest. The suit was filed in the Law Division.

In their counterclaim, defendants alleged plaintiffs' waterbed was "load[ed] over and above the design criteria", so as to cause structural damage, requiring $3,500 in actual repairs, and the voiding of the townhouse's warranty under the New Home Warranty and Builders' Registration Act, thereby allegedly causing a $20,000 depreciation in the unit's value. At some point during the lease term, plaintiffs put a waterbed in the townhouse, an item not specifically proscribed by the lease. On October 25, 1986 plaintiff Evelyn Thomas signed an agreement with the defendants stating that she would "not hold [the] landlords responsible for any mishaps that occur from or with my waterbed."

At the close of the defendants' case, the trial judge dismissed the defendants' counterclaim due to the absence of proofs, and granted judgment for the plaintiffs in the amount of $3,000. The trial judge subsequently awarded counsel fees to the plaintiffs in the amount of $3,500 plus $296 in disbursements. Hence, judgment was entered for plaintiffs in the aggregate amount of $6,796.00 with "costs to be taxed."

[At the request of the Appellate Division, its opinion has been edited for publication. After reciting the facts, the Appellate Division's opinion upheld the plaintiffs' recovery of the security deposit and penalty, and the dismissal of defendants' counterclaim. The opinion thereafter considered the counsel fee issue:]

Finally, defendants contend that the trial judge erred in awarding plaintiffs' counsel $3,500 in attorney's fees. As noted, *N.J.S.A.* 46:8–21.1 provides that in actions for return of security deposit the court, upon finding for the tenant, "shall award ... full costs of any action and, in the court's discretion, reasonable attorney's fees." In granting the fees, the trial judge reviewed the affidavit of plaintiffs' counsel detailing the services rendered and concluded:

> The records reflect over 70 hours of time, the majority expended by Cynthia Lee Curtis, billed at $85 per hour. The application is for $4,500 plus disbursements.
>
> I cannot award that amount, in light of the fact that the judgment is only for $3,000.
>
> I agree with counsel that extra time must have been required because of the voluminous documentation provided by and requested by the Saijwanis, the form and style of pleadings, and correspondence were difficult to analyze.
>
> While I appreciate their conviction that they should have prevailed, I cannot change my conclusions at the time of trial, and nor can I permit them to not compensate Deutch, Shur and Nord for counsel fees to which they are entitled.
>
> I'm going to award them $3,500 in counsel fees, plus the $296 disbursements.

■ The defendants challenge the amount of the award and the statutory authority for same. Defendants argue that *N.J.S.A.* 2A:6–1a requires that *N.J.S.A.* 22A:2–42, a statute applicable to awards of attorney's fees in the former County District Courts, controls notwithstanding the merger of that Court into the Superior Court. As defendants note, *N.J.S.A.*

2A:6–1a provides that *N.J.S.A.* 22A:2–42 "shall be given effect as though reference were to actions for amounts in dispute of less than $5,000 exclusive of costs, or actions for summary dispossess." Defendants claim this "action" was for less than $5,000 exclusive of costs and that *N.J.S.A.* 2A:6–1a, therefore, prohibits fees beyond that provided in *N.J.S.A.* 22A:2–42, which reads:

> There shall be taxed by the clerk of a county district court in the costs against the judgment debtor, a fee to the attorney of the prevailing party, of five per centum (5%) of the first five hundred dollars ($500.00) of the judgment, and two per centum (2%) of any excess thereof.

*N.J.S.A.* 2A:6–1a was clearly intended to facilitate an orderly transition from our prior court system, which included the County District Courts, to our present unified Superior Court System. *See N.J. Const.* (1947), Art. 4, § VI, para. 1, 3; L.1983, c. 405. The reference to actions for amounts in dispute of less than $5,000 refers to actions brought in the Special Civil Part and not, as here, otherwise in the Law Division. *See N.J.S.A.* 2A:6–34(a) (civil actions where amount in dispute less than $5,000, exclusive of costs, "shall be cognizable in the special civil part of the Superior Court"). *See also N.J.S.A.* 2A:6–35 (claim for more than $5,000 can be commenced in the Special Civil Part, but the claimant's recovery is limited to the jurisdictional amount).

In essence, defendants argue that *N.J.S.A.* 22A:2–42 limits counsel fees in the former County District Court and that the statute survives the 1983 constitutional merger by virtue of *N.J.S.A.* 2A:6–1a. Hence, argue defendants, the counsel fees could not be more than $75.00, as opposed to the $3,500 ordered here, because the complaint was for an amount "of less the $5000." The argument appears to include the contention that a plaintiff cannot take a $3,000 case and make it a case worth more than $5,000 by claiming more than $2,000 in counsel fees for the purposes of getting around the jurisdictional limit of the Special Civil Part as successor to the County District Court.[1]

There are a number of problems with the argument. First of all, the $5,000 limitation for the Special Civil Part is a separate jurisdictional basis from "actions between landlords and tenants." *N.J.S.A.* 2A:6–34(a), (b). Secondly, there is no jurisdictional limitation in an action filed in the Law Division action generally. A plaintiff may commence an action in the Special Civil Part, when there is jurisdiction cognizable by statute and *R.* 6:1–2, to obtain an expeditious disposition, but cannot recover an amount in excess of $5,000. *N.J.S.A.* 2A:6–35. Perhaps more important in this case, the filing of the counterclaim in the Law Division seeking a sum in excess of $5,000 did not constitute a waiver of the excess and application of the jurisdiction of the Special Civil Part. *See N.J.S.A.* 2A:6–35(b). In these circumstances *N.J.S.A.* 22A:2–42 does not limit counsel fees merely because the complaint could have been filed in the Special Civil Part. Finally, while not deciding the issue, we note that *N.J.S.A.* 46:8–21.1 does not limit reasonable counsel fees so that they can be considered as part of the claim aggregating more than $5,000.[2]

In essence, the intent of *N.J.S.A.* 2A:6–1a was to preserve the beneficial aspects of expeditious practice of the former County District Courts within the statewide Superior Court. As Judge Pressler has noted, "[t]he concept of a special court of limited jurisdiction, functioning in an expedited manner, was too useful not to survive the demise of the county district courts...." *Pressler*, Current N.J. Court Rules, Comment *R.* 6:1. In any

---

[1]The entitlement to "costs" in *N.J.S.A.* 46:8–21.1 is a right independent of the counsel fees which requires exercise of the "court's discretion." The right to costs under *N.J.S.A.* 2A:6–1a, however, refers only to statutory costs, *see N.J.S.A.* 2A:18–55; *University Court v. Mahasin*, 166 *N.J.Super.* 551, 554–55, 400 *A.2d* 133 (App.Div.1979).

[2]Hence, we need not decide if the Special Civil Part is bound by *N.J.S.A.* 22A:2–42 with respect to the award of reasonable counsel fees under the express provisions of the security deposit law.

event, *N.J.S.A.* 22A:2–42, regarding counsel fees which can be assessed in favor of the prevailing plaintiff in the Special Civil Part, constitutes a limitation on the award of counsel fees which may otherwise be authorized by statute (pursuant to *N.J.S.A.* 46:8–21.1) and, therefore, by rule. *See R.* 4:42–9(a)(8); *R.* 6:1–1.

While we conclude that the award of counsel fees is not limited by *N.J.S.A.* 22A:2–42, we do believe that the $3,500 award in this case constitutes an inappropriate exercise of discretion in these circumstances where, in essence, defendants abandoned their counterclaim and plaintiffs' claim was for a $1,500 security deposit. We recognize that counsel had to prepare for trial in the Law Division, including preparation on the counterclaim. We also recognize that defendants could not factually dispute the certification that plaintiffs' counsel rendered 70 hours of services, and further recognize that the counsel fee provision of *N.J.S.A.* 46:8–21.1 was designed to promote the timely return of security deposits. However, here the counterclaim appears to have been filed in good faith, as evidenced by some comments of the judge relating to the possibility that the plaintiffs' waterbed caused damage to the premises and the defendants do not appear to have offered a defense merely to delay the deposit's return. Under such circumstances, the award of counsel fees is reduced to $2,000.

The matter is remanded for the appropriate amendment of judgment.

## ADDENDUM TO OPINION

*N.J.S.A.* 22A:2–42 was amended, effective April 9, 1991, to delete reference to the County District Courts and to refer specifically to the Special Civil Part of the Law Division. *See L.*1991, *c.* 91, § 271. This amendment supports our conclusion that *N.J.S.A.* 22A:2–42 relates only to actions in the Special Civil Part. *N.J.S.A.* 2A:6–1, *N.J.S.A.* 2A:6–34, and *N.J.S.A.* 2A:6–35 were repealed by L.1991, c. 119, § 4 enacted on April 25, 1991.