**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1771-18T4

CITIBANK, N.A.,

    Plaintiff,

v.

SHERRY DEMETRO,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

SLATER, TENAGLIA, FRITZ
& HUNT, PA,

    Third-Party Defendant-
    Respondent.

_____

        Argued telephonically June 2, 2020 –
        Decided July 16, 2020

        Before Judges Yannotti, Hoffman and Currier.

        On appeal from the Superior Court of New Jersey, Law
        Division, Cape May County, Docket No. DC-000268-
        15.

Christopher Bruschi argued the cause for appellant.

Robert B. Hille argued the cause for respondent (Greenbaum, Rowe, Smith & Davis, LLP, attorneys; Robert B. Hille, of counsel; John W. Kaveney and Parampreet Singh, on the brief).

PER CURIAM

On March 3, 2015, Slater, Tenaglia, Fritz & Hunt (Slater Tenaglia) filed suit in the Special Civil Part on behalf of Citibank, N.A. against Sherry Demetro, after she failed to make certain credit card payments. Along with her answer, Demetro filed a third-party complaint against Slater Tenaglia, alleging the law firm violated the Fair Debt Collection Act[1] (the Act). Specifically, Demetro alleged that Slater Tenaglia violated 15 U.S.C. § 1692(g)(b), by filing a complaint against Demetro following receipt of a timely dispute of the debt, but prior to mailing verification of the debt.

On September 18, 2015, the Special Civil Part granted Slater Tenaglia's motion to dismiss Demetro's third-party complaint, notwithstanding conflicting evidence regarding the timing of the mailing of the debt verification. Demetro appealed and we reversed, finding the trial court allowed Slater Tenaglia to rely on

---

[1] 15 U.S.C. §§ 1692-1692p.

A-1771-18T4

an inadequate certification regarding the date it filed its collection action. Citibank, N.A. v. Demetro, No. A-1317-15 (App. Div. Oct. 2, 2017) (Slip op. at 5-6).

On remand, Slater Tenaglia extended an offer of judgment of $3000, exclusive of attorney's fees. Demetro accepted the offer. Pursuant to the Act, Demetro then filed a motion seeking attorney's fees and costs, requesting a total of $82,144.27. On November 9, 2018, the motion judge entered an order awarding Demetro $17,500 in attorney's fees, plus $551.34 in costs. Thereafter, Demetro filed three additional motions: to tax fees, for supplemental attorney's fees, and for sanctions. The trial court denied all three motions in separate orders entered on April 22, 2019. This appeal followed. We affirm.

I

On December 29, 2014, Slater Tenaglia sent a debt collection letter to Demetro on behalf of Citibank. On January 12, 2015, Demetro contested the debt, demanded verification of the debt, and instructed Slater Tenaglia to cease collection efforts until it mailed the debt verification, in accordance with 15 U.S.C.A. § 1692(g). On January 20, 2015, Slater Tenaglia received documents purporting to verify Demetro's debt; however, the firm did not mail the debt verification to Demetro until March 3, 2015, at the earliest. Slater Tenaglia electronically filed its collection complaint against Demetro at 4:26 p.m. on March 3, 2015.

A-1771-18T4

In addition to alleging that Slater Tenaglia filed its complaint prior to mailing verification of the debt, Demetro alleged the collection complaint was drafted by the firm on February 27, 2015. She argued that preparation of the draft complaint constituted continuing efforts to collect the debt, in violation of the Act. Demetro sought discovery to prove her claim that Slater Tenaglia violated the Act. Through discovery requests, Demetro sought Slater Tenaglia's collection file. Instead of responding to the discovery requests, Slater Tenaglia filed a motion to dismiss.

The parties disputed the date that Slater Tenaglia mailed the debt verification to Demetro. Slater Tenaglia's answer to Demetro's third-party complaint stated the debt verification was mailed on March 2, 2015. However, in support of its motion to dismiss, Slater Tenaglia submitted a June 15, 2015 certification from a legal assistant, Jasmine Garcia, stating the firm mailed the debt verification to Demetro on March 3, 2015.

Garcia's certification explained the procedure for handling outgoing mail at Slater Tenaglia and stated she deposited the envelope, with postage, in the firm's mail room on March 3, 2015. Garcia certified that outgoing mail from Slater Tenaglia "is collected in bins located in the office mail room. A staff member transports the mail once or twice a day to a mail drop box located in the Mack Cali Centre Complex." Significantly, Garcia did not certify she deposited the envelope

4

into a United States Post Office mail receptacle prior to 4:26 p.m. on March 3, the date and time Slater Tenaglia electronically filed its collection complaint.

Demetro contended that the factual dispute as to the mailing of the debt verification was central to her claim against Slater Tenaglia, and therefore, dismissal of the third-party complaint prior to the exchange of discovery was improper. We agreed, and reversed the dismissal order and remanded for further proceedings. At that point, the underlying case settled when Demetro accepted Slater Tenaglia's offer of judgment.

On April 23, 2018, Demetro filed a motion to amend the judgment, seeking attorney's fees and costs, pursuant to the Act. In a supporting certification, Demetro's attorney stated that since 2007, "the primary focus and concentration of [my] practice has been in the area of debt defense and consumer protection law – specifically, the [Act]." Seeking a lodestar multiplier of 1.33, he requested $81,592.93 in attorney fees, plus $551.34 in costs, based on 164.7 hours billed at rates of $360 and $380 per hour. Slater Tenaglia opposed the requested fees as excessive and challenged the claim of Demetro's attorney regarding his level of experience in handling these types of matters, asserting he only filed seven cases in the Special Civil Part in the previous eleven years, and only five involved the Act.

A-1771-18T4

On November 9, 2018, the motion judge issued a written opinion. The judge discussed the lodestar method used in New Jersey statutory fee shifting cases and the law relevant to motions for a supplemental award of attorney's fees. The judge also reviewed the eight factors set forth in New Jersey Rules of Professional Conduct (RPC) 1.5(a) to determine the reasonableness of the fees requested.

Addressing the first factor – the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly – the judge found the matter involved "relatively-low complexity" and required only a "moderate level of skill" to perform the legal services.

Considering the second factor – the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer – the judge found the time Demetro's attorney spent on the matter would not have been apparent to his client because he spent an excessive amount of time on the case, even though it was "relatively straight forward."

Turning to the third factor – the fee customarily charged in the locality for similar legal services – the judge found that $250 per hour in Cape May County for Special Civil Part matters represented the upper tier of fees charged, instead of the $360 to $380 per hour rate requested by Demetro's attorney.

As to the fifth factor – the time limitations imposed by the client or by the circumstances – the judge noted that Demetro's attorney did not provide any evidence of time limitations imposed on him by handling this case.

Addressing the sixth factor – the nature and length of the professional relationship with the client – the judge indicated that Demetro's attorney did not provide the court "with any information as to [his] relationship with his client, including any substantiation of [his] fee arrangement with the client."

Turning to the seventh factor – the experience, reputation, and ability of the lawyer performing the services –  the judge noted Demetro's attorney was a solo practitioner with fifteen years of experience; however, he failed to supply the court with "any information or data" to support his claim that "he is an experienced [Act] attorney."  Undermining this claim, the judge pointed out that Demetro's attorney "spen[t] more than twelve (12) hours researching mailings, P.O. Boxes, registered businesses and agents, and postal-related issues . . . ."

Addressing the eighth factor – whether the fee is fixed or contingent – the judge again noted that Demetro's attorney did not disclose his fee relationship or provide the court with a retainer agreement.  Additionally, the judge found "nothing in the record . . . to suggest [he had] a contingent fee agreement . . . ."

After balancing the eight factors, the judge found the fee request excessive, "[G]iven the nature of the legal issues and low risk: the matter was resolved for [$3000]. Requesting compensation for [164.7 hours] is excessive, even though this matter involved an appeal." The court reduced defense counsel's $360 to $380 hourly rate to $250, based on his review of the certifications submitted and the factors identified in RPC 1.5(a).

The judge further found Demetro's attorney was not entitled to a fee enhancement, pursuant to Redine v. Pantzer, 141 N.J. 292, 334-35 (1995). In pertinent part, the judge explained his rationale for reducing his claimed billable hours:

> [T]his court removed billing for administrative tasks, as well as excessive billing such as [Demetro's attorney] requesting compensation for more than five (5) hours of time before having a retainer agreement from the client and eleven and eight-tenths (11.8) hours of drafting and edits in opposition to a motion to dismiss. Additionally, as this was a single, straightforward issue for appeal, this [c]ourt finds the sixty-four and five-tenths (64.5) hours [Demetro's attorney] billed for [a]ppellate briefing is excessive. The [c]ourt finds that several hours billed by [Demetro's attorney] were for administrative tasks such as gathering exhibits or delivering filings to the [c]ourt. The [c]ourt is not finding those tasks unnecessary, but those tasks are normally delegated to someone who is not billing three-hundred eighty dollars ($380) per hour for his time. For the [a]ppellate briefing alone, counsel billed sixty-four and five-tenths (64.5) hours. This is excessive give[n] the scope of the appeal having nothing to do with the amount

in controversy. Included in this time but not separated out in the billing are items such as collecting exhibits, organizing exhibits, preparing table of contents, and delivery to the court. As such, the [c]ourt finds it appropriate to reduce the hours billed.

The motion judge reduced the trial court hours from seventy-six and eight-tenths (76.8) to forty-five hours. He reduced the number of appellate hours from eighty-seven and nine-tenths (87.9) to twenty-five hours – fifteen hours for briefing and preparation of the written submission and ten hours for oral argument preparation and attendance. The judge noted the appeal involved a "narrow procedural issue."

After the judge's adjustments, the trial and appellate billable hours totaled seventy hours. When multiplied by the $250 hourly rate the judge found reasonable, the resulting lodestar figure totaled $17,500; in addition, the judge awarded costs of $551.34. The judge denied the request for a contingency fee enhancement because Demetro's attorney failed to supply the court with his fee agreement.

On November 28, 2018, Demetro filed three post-judgment motions: 1) a motion to tax fees, pursuant to N.J.S.A. 22A:2-42; 2) a motion for supplemental attorney's fees; and 3) a motion for sanctions. While the three motions were pending, Demetro filed a notice of appeal on December 24, 2018. On January 22, 2019, we dismissed the appeal without prejudice as interlocutory due to the pending motions.

On March 1, 2019, the motion judge heard oral argument on the three motions. On April 22, 2019, the court denied all three motions in separate written orders.

Addressing the first motion, the judge denied the request for additional attorney's fees of $425, pursuant to N.J.S.A. 22A:2-42. The judge relied on Alba v. Sopher, 296 N.J. Super. 501, 505 (App. Div. 1997), and noted that Demetro had already been awarded attorney's fees under the Act, and therefore "the more specific statute" of the Act took precedence over N.J.S.A. 22A:2-42.

The judge also denied defense counsel's motion for supplemental attorney's fees. The judge stated it "has already determined the appropriate level of compensation to be awarded . . . and declines to award further compensation given the previously-awarded compensation, given the nature of the case, the amount in controversy, and the skill necessary to perform the tasks [defense counsel] had to perform as counsel."

Turning to Demetro's motion for sanctions, the judge declined to award sanctions and additional attorney's fees because she "was not the prevailing party and has failed to show egregious conduct to warrant sanctions." The court granted Slater Tenaglia 's cross-motion to deposit the final judgment amount of $21,095.82 into the Superior Court Trust Fund.

On June 27, 2019, Demetro filed this appeal. On May 4, 2020, Demetro filed a motion to withdraw the funds Slater Tenaglia previously deposited into the Superior Court Trust Fund, pursuant to Rule 4:57-2. In an order dated May 15, 2020, we reserved our decision on this motion pending our current decision.

II

The decision to award attorney's fees rests "within the sound discretion of the trial court." Maudsley v. State, 357 N.J. Super. 560, 590 (App. Div. 2003). "[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine, 141 N.J. at 317). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Although New Jersey generally disfavors the shifting of attorney's fees, a prevailing party may recover attorney's fees if expressly provided by statute, court rule, or contract. Collier, 167 N.J. at 440 (citing North Bergen Rex Transp., Inc. v. Trailer Leasing Co., 158 N.J. 561, 569 (1999) and Dep't of Envtl. Prot. v. Ventron

11

Corp., 94 N.J. 473, 504 (1983)).  Rule 4:42-9(a)(8) permits the award of attorney's fees "[i]n all cases where attorney's fees are permitted by statute."

The Act provides for the payment of attorney's fees to a successful consumer. It states, "[A]ny debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of –

> (1) any actual damage sustained . . . .
>
> (2)(A) such additional damages as the court may allow, but not exceeding $1,000; and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."
>
> [15 U.S.C. 1692k(a)].

In calculating the amount of reasonable attorney's fees, "an affidavit of services addressing the factors enumerated by RPC 1.5(a)" is required.  R. 4:42-9(b); Twp. of W. Orange v. 769 Assocs., LLC, 198 N.J. 529, 542 (2009).  RPC 1.5(a) sets forth the factors to be considered:

> (a) A lawyer's fee shall be reasonable.  The factors to be considered in determining the reasonableness of a fee include the following:
>
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

A court awarding attorney's fees must first determine the "lodestar," defined as the "number of hours reasonably expended" by the attorney, "multiplied by a reasonable hourly rate." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (citing Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004)). "The court must not include excessive and unnecessary hours spent on the case in calculating the lodestar." Furst, 182 N.J. at 22 (citing Rendine, 141 N.J. at 335-36).

"The amount of attorney fees usually rests within the discretion of the trial judge, but the reasons for the exercising of that discretion should be clearly stated." Khoudary v. Salem Cty. Bd. of Soc. Servs., 281 N.J. Super. 571, 578 (App. Div.

1995) (citations omitted); see also R. 1:7-4(a) (requiring a court to "find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right, and also as required by R. 3:29").

"[T]he court must specifically review counsel's affidavit of services under Rule 4:42-9, and make specific findings regarding the reasonableness of the legal services performed . . . ." F.S. v. L.D., 362 N.J. Super. 161, 170 (App. Div. 2003). "Without such findings it is impossible for an appellate court to perform its function of deciding whether the determination below is supported by substantial credible proof on the whole record." Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986). "The trial judge may satisfy the court rules by relying on the facts or reasons advanced by a party; however, the court is obligated to make the fact of such reliance 'explicit.'" Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 301 (App. Div. 2009) (quoting Pressler, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2009)).

III

Demetro argues the motion judge erred when he considered the proportionality between the attorney's fees and damages obtained under RPC 1.5(a)(4). In doing so, she asserts the court's interpretation of RPC 1.5(a)(4) would "thwart Congress' policy to attract and encourage competent counsel to

14

take these types of risky, low-dollar-value cases."  She argues the Act is a "fee-shifting statute that exists to vindicate important rights that otherwise would go undetected and unpunished if competent counsel were not compensated at competitive rates and, yes, received disproportionate fees."

Demetro's assertion that the judge misinterpreted RPC 1.5(a)(4) is misguided. While he did describe the request for over $80,000 in attorney's fees as proportionately unreasonable, considering the matter was not complex and resulted in a $3000 damage award, the judge awarded only $17,500 in attorney's fees because the fees requested were unreasonable, regardless of the amount of the damage award. The judge reduced the amount of trial-court level hours billed from seventy-six and eight-tenths (76.8) hours to forty-five hours and reduced the number of appellate hours billed from eighty-seven and nine-tenths (87.9) hours to twenty-five hours. In total, the judge approved seventy billable hours.  In making his determination, the judge analyzed the RPC 1.5(a) factors, provided a detailed explanation for his application of each factor, and provided a thorough evaluation of the affidavit of services and billing records submitted by Demetro's attorney.  We do not view the judge's rulings in this case as an effort to cap potential recoveries for claims filed under the Act.  Demetro's attorney clearly submitted unreasonable billing, as the judge explained in his well-reasoned and thorough analysis.

Demetro further argues the judge misapplied the law and abused his discretion in reducing her attorney's hourly rate. She asserts the reduction to $250 per hour was arbitrary, capricious, and inconsistent with similar cases. In the same vein, she argues the judge abused his discretion in reducing the number of hours spent on the matter.

In considering the hourly rate to apply in making an award of attorney's fees, the trial court should look to the prevailing market rate in the community, and "satisfy itself that the assigned hourly rates are fair, realistic, and accurate, or should make appropriate adjustments." Rendine, 141 N.J. at 337. Addressing the hourly rate adjustment, the judge noted $250 per hour represents the upper limit or tier for attorneys handling Special Civil Part cases in Cape May and concluded, based on the factors set forth in RCP 1.5(a) and the certifications submitted, the $250 rate was appropriate.

The judge thoroughly analyzed the billing and made specific findings. F.S. 362 N.J. Super. 161. The judge analyzed the amount of billing during the trial stage and noted many unreasonable billing entries. For example, the judge noted that Demetro's attorney billed for administrative tasks at a rate of $380 per hour, when those tasks could have been completed by a clerk at a lower rate. The judge

identified numerous billing entries he deemed unnecessary or unreasonable, especially considering the limited scope of discovery.  Furst, 182 N.J. at 22.

The judge also addressed the unreasonableness of appellate billing submitted by Demetro's attorney.  The judge pointed out that he billed over sixty hours for appellate briefing, even though the appeal involved one narrow issue.  We find no basis to disturb the judge's decision to award fees based on a reduced number of trial and appellate billable hours.

Demetro further argues the motion judge erred when he denied her request for additional attorney's fees, pursuant to N.J.S.A. 22A:2-42, which provides for a nominal award of attorney's fees in Special Civil Part cases to be taxed by the clerk. The statute provides, in pertinent part:

> There shall be taxed by the clerk of the Superior Court, Law Division, Special Civil Part in the costs against the judgment debtor, a fee to the attorney of the prevailing party, of five per centum (5%) of the first five hundred dollars ($500.00) of the judgment, and two per centum (2%) of any excess thereof.

> [N.J.S.A. 22A:2-42]

Demetro relies on Chase Bank U.S., N.A. v. Staffenberg, 419 N.J. Super. 386 (App. Div. 2011), where we addressed whether attorney's fees were mandatory under N.J.S.A. 22A:2-42, and if so, whether in-house counsel was precluded from recovering attorney's fees under N.J.S.A. 22A:2-42 by application of N.J.S.A.

17:3B-40 and N.J.S.A. 17:16C-42(d). Id. at 408-13. In Staffenberg, plaintiff's counsel were employed as salaried, in-house counsel. Id. at 388. The debtor argued that attorney's fees were not recoverable by plaintiff because multiple other statutes precluded the recovery of counsel fees in certain scenarios where the creditor was represented by in-house counsel; therefore, awarding fees under N.J.S.A. 22A:2-42 would amount to "double counting" attorney's fees. Id. at 409.

We disagreed and found that credit card companies were entitled to recover statutory attorney's fees from a debtor in the Special Civil Part, pursuant to N.J.S.A. 22A:2-42, even when they utilized the services of in-house attorneys in procuring the judgment. Id. at 412. We explained, in pertinent part:

> Thus, in determining the amount of counsel fees to award a prevailing party under a contractual agreement, a court must evaluate the reasonableness of those fees. In making that assessment, the court may take into consideration that the creditor or its attorney had already received a modest statutory fee as a taxed cost under N.J.S.A. 22A:2-42. Hence, the court has the authority — not under N.J.S.A. 22A:2-42 but under its review of a separate request for contract-based fees — to prevent or limit a potential double recovery.

> [Id. at 409]

We stated N.J.S.A. 22A:2-42 was more akin to a tax "that does not attempt to reimburse the creditor fully for the reasonable costs of its counsel's services . . . the award . . . operates to shift only a small portion of the burden of litigating the matter

18

to the judgment debtor." Id. at 404. We held that attorney's fees are mandatory under N.J.S.A. 22A:2-42, and that in-house counsel may receive attorney's fees because the two other statutes did not conflict with N.J.S.A. 22A:2-42. Id. at 412.

Here, however, the motion judge based his decision on Alba, where we dealt with the issue of whether a specific security deposit penalty provision, N.J.S.A. 46:8-21.1, superseded the fees section of the Special Civil Part contained in N.J.S.A. 22A:2-42. 296 N.J. Super. at 505. We found that the specific security deposit fee provision "takes precedence" over the fee section in N.J.S.A. 22A:2-42 because, when "two statutes are in apparent conflict'[,] the specific will take precedence over the general." Id. at 504. We reasoned that the fees described in N.J.S.A. 22A:2-42 are "the statutory fees allowed in all special civil part cases," but not as specific as "the legislatively permitted fees intended to make whole a tenant whose security deposit was not returned and who is forced to resort to the courts for statutory remedies." Id. at 505.

In this case, the motion judge found Demetro's attorney was not entitled to statutory fees under N.J.S.A. 22A:2-42. Applying Alba, the judge correctly held that when multiple statutes permit the award of specifically described fees in a Special Civil Part proceeding, the more specific statute takes precedence. The judge

therefore ruled that Demetro should be awarded attorney's fees under the Act, rather than under N.J.S.A. 22A:2-42.

Demetro further contends the motion judge erred when he did not apply the lodestar test to the "supplemental attorney's fees submitted by [her] attorney [for] the time expended from June 6, 2018 through November 28, 2018 – just prior to the filing of the [a]ppeal."

The judge explained that he addressed Demetro's request for supplemental compensation in his November 9, 2018 order. The judge refused to award more compensation based on the previously awarded compensation, the nature of the case, the amount in controversy, and the skill necessary of defense counsel to perform the tasks associated with this case. We find no abuse of discretion.

Demetro additionally argues the motion judge abused his discretion by denying her motion for frivolous litigation sanctions. We review a judge's decision on a motion for frivolous lawsuit sanctions under an abuse of discretion standard. McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011). Reversal is warranted "only if [the decision] 'was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" Ibid. (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

Sanctions against an attorney under <u>Rule</u> 1:4-8 "are specifically designed to deter the filing or pursuit of frivolous litigation." <u>LoBiondo v. Schwartz,</u> 199 N.J. 62, 98 (2009). A second purpose of the rule is to compensate the opposing party in defending against frivolous litigation. <u>Toll Bros., Inc. v. Twp. of W. Windsor</u>, 190 N.J. 61, 71 (2007). The rule provides for the imposition of sanctions where the attorney or pro se party filed a pleading or a motion with an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," <u>Rule</u> 1:4-8(a)(1), or by asserting a claim or defense that lacks the legal or evidential support required by <u>Rule</u> 1:4-8(a)(2), (3) and (4). <u>See</u> <u>State v. Franklin Sav. Account No. 2067</u>, 389 N.J. Super. 272, 281 (App. Div. 2006) (noting these factors under the rule). "For purposes of imposing sanctions under <u>Rule</u> 1:4-8, an assertion is deemed 'frivolous' when 'no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'" <u>United Hearts, LLC v. Zahabian</u>, 407 N.J. Super. 379, 389 (App. Div. 2009) (quoting <u>First Atl. Fed. Credit Union v. Perez</u>, 391 N.J. Super. 419, 432 (App. Div. 2007)).

"The nature of litigation conduct warranting sanction under [<u>Rule</u> 1:4-8] has been strictly construed." Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on <u>R.</u> 1:4-8 (2020). Accordingly, <u>Rule</u> 1:4-8 sanctions will not be imposed against an

attorney who mistakenly files a claim in good faith. Horowitz v. Weishoff, 346 N.J. Super. 165, 166-67 (App. Div. 2001); see also First Atl. Fed. Credit Union, 391 N.J. Super. at 432 (holding that an objectively reasonable belief in the merits of a claim precludes an attorney fee award).

N.J.S.A. 2A:15-59.1(a)(1), which governs frivolous litigation sanctions against parties, provides:

> [a] party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.

A finding that the pleading is "frivolous" must be based upon a finding that:

> (1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
>
> (2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
>
> [N.J.S.A. 2A:15-59.1(b).]

The frivolous litigation statute is interpreted restrictively. DeBrango v. Summit Bancorp, 328 N.J. Super. 219, 226 (App. Div. 2000). Sanctions should be awarded only in exceptional cases. Fagas v. Scott, 251 N.J. Super. 169, 181 (Law Div. 1991).

"'[T]he burden of proving that the non-prevailing party acted in bad faith' is on the party who seeks fees and costs pursuant to N.J.S.A. 2A:15-59.1." Ferolito v. Park Hill Ass'n, 408 N.J. Super. 401, 408 (App. Div. 2009) (alteration in original) (quoting McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 559 (1993)). When a prevailing party's allegation is based on an assertion that the non-prevailing party's claim lacked "a reasonable basis in law or equity," and the non-prevailing party is represented by an attorney, "an award cannot be sustained if the '[nonprevailing party] did not act in bad faith in asserting' or pursuing the claim." Ibid. (quoting McKeown-Brand, 132 N.J. at 549).

"When the [non-prevailing party's] conduct bespeaks an honest attempt to press a perceived, though ill-founded and perhaps misguided, claim, he or she should not be found to have acted in bad faith." Belfer v. Merling, 322 N.J. Super. 124, 144-45 (App. Div. 1999) (citing McKeown-Brand, 132 N.J. at 563). Rule 1:7-4(a) requires trial judges to make specific findings of fact and conclusions of law, either in writing or orally, on all motions decided by written orders appealable as of right. Curtis v. Finneran, 83 N.J. 563, 569-70 (1980); Foley, Inc. v. Fevco, Inc., 379 N.J. Super. 574, 589 (App. Div. 2005).

Here, the judge denied Demetro's motion for sanctions and additional attorney's fees because she was not the prevailing party and she failed to show egregious

conduct to warrant sanctions. Demetro alleges that Slater "sat back silently as this case made its way through the Appellate Division from 2015 through 2017." However, the underlying dispute did not involve frivolous conduct, and there is no evidence that the judge abused his discretion in making that determination.

Demetro argues she was the prevailing party in the case, but cites no New Jersey cases that support her contention. The offer of judgment rule permits a party to offer to take a monetary judgment or to allow judgment to be taken against it for a sum certain. R. 4:58-3. The fundamental purpose of the rule is to induce settlement by discouraging the rejection of reasonable offers of compromise. See Palmer v. Kovacs, 385 N.J. Super. 419, 425 (App. Div. 2006). That goal is achieved through the imposition of financial consequences (the award of fees and costs) where a settlement offer turns out to be more favorable than the ultimate judgment. Firefreeze, 347 N.J. Super. at 441.

Demetro accepted Slater Tenaglia's offer of judgment, which precluded an adjudication on the merits. Therefore, we conclude the motion judge correctly found that Demetro was not a prevailing party.

Lastly, we address Demetro's motion for the immediate turnover of the funds that Slater Tenaglia previously deposited in court. She asserts that immediate access to the funds is necessary so that the amount on deposit would be "exempt from the

24

calculation of 'prevailing market rates.'"  We are not persuaded by this argument to grant the requested relief; accordingly, we deny the motion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1771-18T4